Edward S. Dunn Jackson County Counselor 107 W. 4th Box 247 Holton, Kansas 66436
Dear Mr. Dunn:
As Jackson County Counselor you request our opinion on the issue of the degree and amount of control a board of county commissioners ("county commissioners") may properly exercise with regard to establishing or limiting the salaries paid to employees in the county sheriff's office. You phrase the question as follows:
 "Does a County Sheriff have authority to increase the pay of the administrative staff of the Sheriff's Office if the Sheriff is part of a County-wide Pay Plan and the County Commission does not agree with the increase?"
In researching your inquiry, we followed our policy and invited comment from other interested parties. We thus received a written response from the Jackson County Sheriff, Daina Durham. In her letter to this office, Sheriff Durham informs us that the pay policy in question was not adopted until very recently,[1] she objects to the pay reduction for a specific employee (noting that it is her opinion that such a reduction in salary amounts to at least a demotion), and she states in pertinent part:
 "While personnel actions taken by sheriffs are 'subject to' policies, payment plans, collective bargaining agreements and budgets established by boards of county commissioners, K.S.A. 19-805(d) does not give county commissioners the ability to appoint, promote, demote or dismiss his or her personnel. The power to arbitrarily adjust pay and re-class an employee is the power to appoint, promote and dismiss. . . . While personnel actions taken by the sheriffs are 'subject to' personnel policies, payment plans, collective bargaining agreements, and budgets established by boards of county commissioners, K.S.A. 19-805(d) does not give the county commissioners the ability to supercede a sheriff's power by arbitrarily removing or refusing to pay employees per the sheriff's plan . . . To stretch the meaning of 'pay plan' to include any and all resolutions or pay scales passed on a yearly or monthly basis and not rationally tied to reasonable job classification structure, total compensation to include both direct and indirect compensation, pay practices, recruitment factors, and retention factors, will lead boards of county commissioners to adopt rules or regulations that would place them in complete control of personnel issues for all county employees. This would render meaningless the statutory authority of all elected county officials."
K.S.A. 2002 Supp. 19-101a authorizes the board of county commissioners to transact all county business and perform all powers of local legislation, subject to the limitations further set forth in that statute.
K.S.A. 19-212 authorizes boards of county commissioners to adopt budgets and personnel policies:
 "The board of county commissioners of each county shall have the power, at any meeting:
. . . .
 "Second. To examine and settle all accounts of the receipts and expenses of the county, and to examine and settle and allow all accounts chargeable against the county; and when so settled, they may issue county orders therefor, as provided by law.
. . . .
 "Thirteenth. To perform such other duties as are or may be prescribed by law."[2]
K.S.A. 19-805 authorizes a county sheriff to hire and fire his or her own staff, within the limitations set forth by this statute:
 "(a) In addition to the undersheriff, the sheriff also may appoint, promote, demote and dismiss additional deputies and assistants necessary to carry out the duties of the office, for whose official acts the sheriff is responsible. Persons may also be deputized by such sheriff or undersheriff, in writing, to do particular acts. The sheriff and sureties of the sheriff shall be responsible, on the official bond of the sheriff, for the default or misconduct of the undersheriff and deputies.
 "(b) Within the limitations of the budget for the financing of the operation of the sheriff's office as approved by the board of county commissioners, the sheriff may attend and may require the undersheriff, deputies and any assistants to attend any meeting or seminars which the sheriff determines will be beneficial to the operation of the sheriff's office.
 "(c) The sheriff shall submit a budget for the financing of the operation of the sheriff's office to the board of county commissioners for their approval.
 "(d) Any personnel action taken by the sheriff under this section shall be subject to the following: (1) Personnel policies and procedures established by the board of county commissioners for all county employees other than elected officials; (2) any pay plan established by the board of county commissioners for all county employees other than elected officials; (3) any applicable collective bargaining agreements or civil service system; and (4) the budget for the financing of the operation of the sheriff's office as approved by the board of county commissioners."[3]
This office has issued several opinions addressing the budgetary and personnel policy authority of a county commission and the impact that such authority may have upon the employees of other elected county officials.[4] These opinions in general all conclude that while other elected county officials have direct hiring and firing authority over the employees in their own offices, the county commission is vested with the authority to adopt budgets and policies that may in some way impact the personnel in other county officials' offices. Thus, it has been the opinion of this office that while county clerks, treasurers, sheriffs and registers of deeds have power and authority in personnel decisions over their employees, their actions were subject to the budget, personnel policies, procedures and pay plans established by the board of county commissioners.[5]
A recent Kansas Supreme Court decision provides additional assistance and binding direction on issues involving clashes between the budget and employee policy authority of the county commissioners and the specific employee authority of a county sheriff.[6] The Nielander Court examined a situation wherein the county commissioners had fired an employee in the sheriff's office, and the Court stated in pertinent part:
 "The legislative history of S.B. 46 and K.S.A. 19-805(a) demonstrates the legislature's intent to vest sheriffs, not boards of county commissioners, with the authority to appoint, promote, demote, or dismiss additional deputies and assistants. Moreover, under the plain language of K.S.A. 2001 Supp. 19-101a(a)(15), boards of county commissioners are prohibited from effecting changes to the provisions of K.S.A. 19-805(a).[7] The introductory phrase of K.S.A. 19-805(d), `[a]ny personnel action taken by the sheriff,' must not be ignored. While personnel actions taken by the sheriff are 'subject to' personnel policies, payment plans, collective bargaining agreements, and budgets established by the boards of county commissioners, K.S.A. 19-805(d) does not give the county commissioners the ability to supercede a sheriff's power to appoint, promote, demote, or dismiss his or her personnel.[8] Where a board of county commissioners has approved a budget including necessary expenses, the sheriff cannot be required to obtain advance approval for purchases within the limits of the approved budget regardless of the amount. If an expenditure falls outside of the budget, i.e., over budget, then the sheriff must request advance approval of the board regardless of the amount. The board must approve the expenditure if it is necessary for the sheriff to carry out his or her statutory duties. If the board fails to approve a necessary expenditure, then the sheriff's remedy is to mandamus the board."[9]
Sheriff Durham argues that the pay plan adopted by the Jackson County Commissioners is actually an attempt to demote or dismiss employees within the sheriff's office, thus infringing upon the authority granted a county sheriff by K.S.A. 19-805, and going beyond the scope of authority granted county commissioners. While we are unable to determine facts in the context of an Attorney General opinion, we recognize that there may indeed be valid concerns and challenges to a specific county pay plan. Pay plans should actually be "county-wide" in the sense that they are intended to address system concerns, as opposed to specifically targeting one or more employees of other officials, with the intent of addressing concerns about those individuals. If a pay plan specifically targets an individual employee in the sheriff's office and is intended to improperly affect the employment status of that particular employee, it would exceed the county commission's authority.
The applicable statutes, prior Attorney General opinions and theNielander decision can all be read together to agree on the same general rules: (1) A board of county commissioners has the authority to adopt a budget that applies to other county offices, including the county sheriff's office, but once that budget is adopted the sheriff may expend the funds in that budget for the purposes for which the moneys were budgeted, without further oversight by the county commissioners; and (2) the board of county commissioners has the authority to adopt a county-wide pay plan that may include the pay scale for all county employees including those hired by the sheriff; however, the board of county commissioners does not have the authority to hire, fire, demote or promote individual employees within the sheriff's office.[10] We believe these principles, operating in harmony together, allow the county commissioners to properly control expenditures of county moneys, while not infringing upon the actual day-to-day operation of other offices and the hiring decisions of other elected officials.
Very truly yours,
 PHILL KLINE Attorney General of Kansas
 Theresa Marcel Nuckolls Assistant Attorney General
PK:JLM:TMN:jm
[1] The Sheriff notes that county commissioners adopted a county wide pay plan including the sheriff's office in January of 2003.
[2] See also K.S.A. 19-229 ("The boards of county commissioners of the several counties of this state shall have exclusive control of all expenditures accruing, either in the publication of the delinquent tax lists, treasurer's notices, county printing or any other countyexpenditures." Emphasis added).
[3] Emphasis added.
[4] See Attorney General Opinions No. 99-29, 97-16, 93-64, 93-136,93-122, 92-160, 92-158, 87-37, 87-14, 86-166, 84-53, 84-30, 82-85, 80-69, and 79-279.
[5] Attorney General Opinion No. 93-64.
[6] Board of County Comm'rs of Lincoln County v. Nielander, Kan. ___ No. 88,844 (January 31, 2003).
[7] Id. at Syl. ¶ 5.
[8] Id. at Syl. ¶ 6.
[9] Id. at Syl. ¶ 7.
[10] The factual issues surrounding each situation must be judged on a case by case basis, in order to determine if a specific pay plan targets a specific office or one or more of its employees and, if so, to what degree.